IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. IANNONE, JR., and NICOLE A. JAMES, as plan participants, on behalf of the AUTOZONE, INC. 401(k) Plan, and on behalf of others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CLASS ACTION |
| v. | ) ) ) | Case No.: 2:19-cv-02779-MSN-tmp |
| AUTOZONE, INC., as plan sponsor, BILL GILES, BRIAN CAMPBELL, STEVE BEUSSINK, KRISTIN WRIGHT, MICHAEL WOMACK, KEVIN WILLIAMS, and RICK SMITH, individually and as members of the AUTOZONE, Inc. Investment Committee, and NORTHERN TRUST CORPORATION and NORTHERN TRUST, INC., as Investment fiduciaries, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' TRIAL BRIEF IN SUPPORT OF OVERRULING DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DEPOSITION DESIGNATIONS**

Plaintiffs provide the Court with the following trial brief[1] regarding Defendants' objections to Plaintiffs' deposition designations:

---

[1] During the Pre-Trial Conference held on October 16, 2023, Plaintiffs referenced this trial brief and others that they intended to offer the Court. Plaintiffs will not submit a trial brief as to the admissibility of expert reports as it appears the Court was inclined to deny that request and Plaintiffs do not wish to waste the Court's time. The Court also appeared inclined to evaluate the admissibility of Exhibits that have been objected to as the trial process evolves, so Plaintiffs will wait to file a trial brief on those issues.

In accordance with the Court's pretrial directives, the parties exchanged deposition designations, counter-designations, and objections over the course of the past two months. Defendants have objected to 455 of Plaintiffs' deposition designations[2]. These objections do not promote an efficient and expedient trial process, particularly in the context of a bench trial, and should be overruled.

## I. Generic Objections

Doc. 166 instructed the parties to "arrive at all possible stipulations" (*Id.*, at 2) and "if a party desires to offer deposition testimony into evidence at the trial, he shall designate only those relevant portions of same… and advise opposing counsel of same". *Id.*, at 3. The Court further instructed that "to the extent possible, objections will be ruled on at the pretrial conference". *Id.* The Court advised the parties that the purpose of the pretrial conference, "is to simplify and define the triable issues, expedite the trial, and save expense". *Id.*, at 4.

Defendants' objections to Plaintiffs' deposition designations do not comply with the spirit of the Court's directive in Doc. 166 and are not appropriate in the context of a bench trial. Of the 455 objections, the majority are composed of generic objections that have no place where the trier of fact is a Federal District Court Judge. Specifically, Defendants make the following generic and blanket objections: foundation, relevance, leading, improper counters, misstated testimony, compounding, argument, and completeness. *See* Exhibit B.

---

[2] To assist the Court's analysis, Plaintiffs are providing contemporaneously with this Trial Brief a spreadsheet to the Court's Chambers labeled Exhibit A, that is the list of deposition designations that include <u>only</u> hearsay and authentication objections. Column G in Exhibit A reflects Defendants' Objections, and Column H reflects Plaintiffs' responses as explained further in this brief. Plaintiffs are also providing Exhibit B, which contains the list of deposition designations that include only the generic objections. Together, these Exhibits contain all objections to Plaintiffs' Deposition Designations.

This matter is set for a bench trial. The blanket and generic objections made by Defendants to the vast majority of Plaintiffs' deposition designations should be overruled as there is no risk of confusion and prejudice, and the standard for admissibility is low. *Invisible Fences, Inc. v. Fido's Fences, Inc.*, 2014 U.S. Dist. LEXIS 16663, *11 ("even minimal relevance may render this evidence admissible in a bench trial"). Inadmissible evidence is presumed to be ignored by a judge in a bench trial. *B&L Mgmt. Grp., LLC v. Adair*, 2019 U.S. Dist. LEXIS 242303, *3; *Taylor v. United States*, 2008 U.S. Dist. LEXIS 2672, *19 ("because the present case is a bench trial, there is no danger that the statement would prejudice or confuse the trier of fact").

Additionally, Defendants failed to object to the vast majority of these designations at the time the deposition was taken, and thus waived any right to raise objections to the admissibility of the evidence at a later date under Fed. R. Evid. 32(d)(3):

The Sixth Circuit explained the purpose of Rule 32(d) as follows:

If the objection could have been obviated or removed if made at the time of the taking of the deposition, but was not made, then that objection is waived. The focus of the Rule is on the necessity of making the objection at a point in the proceedings where it will be of some value in curing the alleged error in the deposition. When a party waits until trial to object to testimony in the deposition, the only manner in which to cure the deposition is to bar the objectionable portions from the trial. It is important that objections be made during the process of taking the deposition, so that the deposition retains some use at the time of trial; otherwise counsel would be encouraged to wait until trial before making any objections, with the hope that the testimony, although relevant, would be excluded altogether because of the manner in which it was elicited. *Bahamas Agr. Indus. Ltd. v. Riley Stoker Corp.*, 526 F.2d 1174, 1181 (6th Cir. 1975); *see also Elyria—Lorain Broad. Co. v. Lorain J. Co.*, 298 F.2d 356, 360 (6th Cir. 1961) (holding that an objection to leading question was waived because it was not made at deposition); *Jordan v. Medley*, 711 F.2d 211, 214, 228 U.S. App. D.C. 425 (D.C. Cir. 1983) (suggesting that an objection for failure to lay an adequate foundation would be waived if not presented at deposition). Objections to that are waivable include leading questions, lack of foundation, assuming facts not in evidence, mischaracterization or misleading question, non-responsive answer, lack of personal knowledge, testimony by counsel, speculation, asked and answered, argumentative question, and witness' answers beyond the scope of the question. *Harper v. Griggs*, No. 04-260-C, 2007 U.S. Dist. LEXIS 10395, 2007 WL 486726, at *1-2, *2 n. 1 (W.D. Ky. Feb.12,

3

2007). As Plaintiffs' objections to foundation and speculation could have been cured at the time of the deposition or relate to the form of the question or answer, they are waived under Fed. R. Civ. P. 32(d)(3)(A) and (B).

*House v. Players' Dugout, Inc.*, 2021 U.S. Dist. LEXIS 202789, *28-30

Even if this were not a bench trial these generic objections do nothing to expedite the trial process and conserve judicial resources. All of the objections in Exhibit B should be overruled, and the designations should be submitted into evidence over the objections of the Defendants.

## II.    Hearsay and Authentication

Of the 455 objections made by Defendants, only fifteen (15) contain hearsay or authentication objections. These designations with corresponding objections and responses are reflected in Exhibit A. Three (3) of these objections apply to unavailable witnesses[3] and should thus be admitted under Fed. R. Evid. 804(b)(1)(A). These witnesses (represented by their own counsel) were deposed, with all parties having their opportunity to cross-examine the witnesses at a lawful deposition. Portions of these depositions are now being offered against the parties who had an opportunity to cross examine the witness:

> The Court agrees with the FTC that the testimony is admissible under FRE 804(b)(1) and FRCP 32. Although hearsay testimony is ordinarily inadmissible, FRE 804(b)(1) permits the admission of an unavailable declarant's testimony if that testimony was given at a lawful deposition and is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination. Fed. R. Evid. 804(b)(1)(A)-(B).

*FTC v. Qualcomm Inc.*, 2018 U.S. Dist. LEXIS 209869, *9; *See also Szeinbach v. Ohio State Univ.*, 2014 U.S. Dist. LEXIS 185014, *31("Plaintiff can use [the] deposition at trial to authenticate the letter.").

---

[3] These include testimony from Anton Tansil, a Prudential representative, and Beau Morrison, a Willis Towers Watson representative who are both outside the subpoena power of the Court and non-parties to this litigation.

Of the other remaining hearsay and authentication objections, only two involved objections at the time of the deposition, and thus the other objections are waived under Rule 32(d)(3) (see analysis in § I above).

Of the remaining two objections that were not waived by a failure to object during the deposition, those are designations of testimony of a Defendant, that Defendants are free to bring live to trial as a witness to cure any misunderstanding of the testimony if they worry the Court cannot understand the context of the testimony in its written form. But in no way does the exclusion of this evidence promote an expedited and efficient trial process in compliance with Doc. 166.

Because all of these objections are unnecessarily obstructive in the context of a bench trial, they should be overruled.

RESPECTFULLY SUBMITTED,

*/s/ D. G. Pantazis, Jr.*
D. G. Pantazis, Jr.

*One of the Attorneys for Plaintiffs*

**OF COUNSEL:**
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0557
dgpjr@wigginschilds.com

James H. White, IV
JAMES WHITE, LLC
2100 1st Ave North, Suite 600
Birmingham, Alabama 35203
(205) 383-1812
james@whitefirmllc.com

Lange Clark
LAW OFFICE OF LANGE CLARK, P.C.
301 19th Street North, Suite 550
Birmingham, Alabama 35203
(205) 939-3933
langeclark@langeclark.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2023, I served physical printed copies of this document upon the Court and counsel of record.

>Brian T. Ortelere, Esquire
>Jeremy P. Blumenfeld, Esquire
>Emily C. Reineberg Byrne, Esquire
>**MORGAN, LEWIS & BOCKIUS LLP**
>1701 Market Street
>Philadelphia, PA 19103
>Telephone: (215) 963-5000
>Facsimile: (215) 963-5001
>jeremy.blumenfeld@morganlewis.com
>brian.ortelere@morganlewis.com
>emily.reineberg@morganlewis.com
>
>Abbey M. Glenn, Esquire
>Mathew J. McKenna, Esquire
>**MORGAN, LEWIS & BOCKIUS LLP**
>1111 Pennsylvania Avenue NW
>Washington, DC 20001
>Telephone: (202) 739-3000
>Facsimile: (202) 739-3001
>abbey.glenn@morganlewis.com
>Mathew.mckenna@morganlewis.com
>
>Samuel D. Block, Esquire
>MORGAN LEWIS & BOCKIUS LLP
>110 North Wacker Drive, Suite 2800
>Chicago, IL 60606
>Tel: (312) 324-1000
>Fax: (312) 324-1001
>samuel.block@morganlewis.com

David A. Thornton, Esquire
John S. Golwen, Esquire
Jonathan E. Nelson, Esquire
**BASS, BERRY & SIMS, PLC**
100 Peabody Place, Suite 1300
Memphis, TN 38103
Telephone: (901) 543-5900
Facsimile: (901) 543-5999
dthornton@bassberry.com
jgolwen@bassberry.com
jenelson@bassberry.com

*Counsel for Defendant AutoZone, Inc., Steve Beussink, Brian Campbell, Bill Giles, Rick Smith, Kevin Williams, Michael Womack and Kristen Wright*

Patrick G. Walker, Esquire
**HARRIS SHELTON HANOVER WALSH, PLLC**
6060 Primacy Parkway, Suite 100
Memphis, Tennessee 38119
pwalker@harrisshelton.com

David Tetrick, Jr., Esquire
Darren A. Shuler, Esquire
Danielle Chattin, Esquire
**KING & SPALDING LLP**
1180 Peachtree Street
Atlanta, Georgia 30309
dtetrick@kslaw.com
dshuler@kslaw.com
dchattin@kslaw.com

Amanda Sonneborn, Esquire
**KING & SPALDING LLP**
110 N Wacker Drive, Suite 3800
Chicago, Illinois 60606
asonneborn@kslaw.com

*Attorneys for Northern Trust Corporation and Northern Trust Investments, Inc.*

                                              <u>/s/ D. G. Pantazis, Jr.</u>
                                              Of Counsel