**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

MICHAEL J. IANNONE, JR., *and*
NICOLE A. JAMES, *as plan participants,*
*on behalf of the* AUTOZONE, INC. 401(k)
Plan*, and on behalf of others similarly situated*,

 Plaintiffs,

v.    Case No. 2:19-cv-02779-MSN-tmp

AUTOZONE, INC., *et al.*,

 Defendants.

**ORDER DENYING AS MOOT DEFENDANTS' FIRST OMNIBUS MOTION IN LIMINE AND DENYING WITHOUT PREJUDICE NORTHERN TRUST DEFENDANTS' MOTIONS IN LIMINE**

Before the Court are Defendants' Omnibus Motion in Limine, ("First Omnibus Motion," ECF No. 359); the Northern Trust Defendants' Motion in Limine to Exclude Evidence Prior to March 31, 2015 and After June 30, 2018, (ECF No. 365); the Northern Trust Defendants' Motion in Limine to Exclude Evidence Related to Dismissed Duty of Loyalty Claim, (ECF No. 366); and the Northern Trust Defendants' Omnibus Motion in Limine, (ECF No. 376).  For the reasons below, the First Omnibus Motion is **DENIED AS MOOT** and the Northern Trust Defendants' Motions in Limine are **DENIED WITHOUT PREJUDICE**.

Defendants listed the titles of seven Motions in Limine in the First Omnibus Motion—three submitted by just the AutoZone Defendants, two submitted by just the Northern Trust Defendants, and two submitted by all Defendants.  (ECF No. 359.)  The Northern Trust Defendants subsequently filed their two Motions in Limine to which the First Omnibus Motion referred as

separate entries on the docket, (ECF Nos. 365 & 366), and the AutoZone Defendants filed memoranda in support of all the rest, (*see* ECF Nos. 360, 361, 362, 363, and 364). The memoranda filed by the AutoZone Defendants were not filed using the proper CM/ECF filing event, however, so the Clerk issued a deficiency notice terminating the five memoranda (which had been filed as motions) and directing Defendants to correct the deficiency within one business day. (ECF No. 368.) The Clerk also issued a deficiency notice to the Northern Trust Defendants because the filer's CM/ECF username did not match the electronic signature on the filings. (ECF No. 369.) The Clerk did not terminate the Northern Trust Defendants' Motions, but directed them to correct the deficiency within one business day. The Clerk did not terminate the First Omnibus Motion, either.

To correct the deficiency, the AutoZone Defendants re-filed the First Omnibus Motion ("the Second Omnibus Motion") and re-filed the memoranda in support using the proper filing event. (*See* ECF Nos. 370, 371, 372, 373, 374, & 375.) Presumably because the Northern Trust Defendants' two Motions in Limine were already filed on the docket, the Second Omnibus Motion did not include them. Thus, the Second Omnibus Motion is identical to the First Omnibus Motion save for its omission of the Northern Trust Defendants' two Motions in Limine. (*See* ECF No. 359 at PageID 22734.) The Northern Trust Defendants filed a new Omnibus Motion in Limine correcting the filer deficiency and referring to the titles of its two Motions in Limine, which remained pending on the docket. (ECF No. 376.)

Accordingly, the First Omnibus Motion is **DENIED AS MOOT**. In addition, the Court **DENIES WITHOUT PREJUDICE** the Northern Trust Defendants' Motions in Limine because they did not proceed to trial and have sought settlement approval from the Court. Should the

2

Northern Trust Defendants proceed to trial in the future for any reason, they may re-file their Motions in Limine if they deem it necessary.

## CONCLUSION

Defendants' Omnibus Motion in Limine, (ECF No. 359), is **DENIED AS MOOT**. The Northern Trust Defendants' Motion in Limine to Exclude Evidence Prior to March 31, 2015 and After June 30, 2018, (ECF No. 365), the Northern Trust Defendants' Motion in Limine to Exclude Evidence Related to Dismissed Duty of Loyalty Claim, (ECF No. 366); and the Northern Trust Defendants' Omnibus Motion in Limine, (ECF No. 376), are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 24th day of July 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE