# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MICHAEL J. IANNONE, JR., and
NICOLE A. JAMES, as plan participants,
on behalf of the AUTOZONE, INC. 401(k)
Plan, and on behalf of others similarly situated,

    Plaintiffs,

v.                                                   Case No. 2:19-cv-02779-MSN-tmp

AUTOZONE, INC. et al,

    Defendants.

## ORDER GRANTING PLAINTFFS' UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES, AND GRANTING NORTHERN TRUST'S MOTION FOR BAR ORDER

Before the Court are Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF NO. 441), Plaintiffs' Unopposed Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Award (ECF No. 440), and Northern Trust Corporation's and Northern Trust Investments, Inc. (collectively, "Northern Trust") Motion for Bar Order (ECF No. 423).

The Court previously granted preliminary approval to the Settlement and Motion for Bar Order on August 21, 2024. (ECF No. 437). The Court conducted a fairness hearing related to the partial Settlement ("Settlement") in this class action ("Action") between the Class Representatives, the certified Class, and the Defendants Northern Trust (collectively, "Settling Parties") on November 21, 2024. No one appeared in opposition. For the reasons below, Plaintiffs' Motion for Final Approval is **GRANTED**, Plaintiffs' Motion for Attorneys' Fees, Reimbursement of

Expenses, and Incentive Award is **GRANTED**, and Northern Trust's Motion for Bar Order is **GRANTED.**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the same meaning as used in the Settlement Agreement executed on November 30. 2023 ("Settlement Agreement").

## BACKGROUND

On November 13, 2019, Plaintiffs filed a Class Action Complaint against AutoZone, Inc. for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). (ECF No. 1.) Plaintiffs subsequently filed a First Amended Class Action Complaint adding Northern Trust as a defendant. (ECF No. 85.) On December 7, 2022, the Court certified the class (ECF Nos. 205 and 239).

Since the Court's preliminary approval, several key developments have occurred. The Settlement Administrator has successfully implemented notice, reaching 99% of the 23,801 Settlement Class Members. (ECF No. 439-1.) The Independent Fiduciary has completed its review and approved the Settlement, finding it reasonable and consistent with the Plan's interests. (ECF No. 442-2.) Northern Trust has fulfilled its obligations under the Class Action Fairness Act by providing the required notices. (ECF No. 443.) Notably, no objections to the Settlement have been filed. (ECF No. 442.)

## STANDARD OF REVIEW

A. **Class Action Settlement Under Rule 23**

Federal Rule of Civil Procedure 23 provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e).

That approval typically follows three steps: (1) preliminary approval of the proposed settlement, (2) notice of the proposed settlement to class members, and (3) a final hearing and assessment of the adequacy of both the notice process and the proposed settlement. *McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645, 660 (N.D. Ohio 2023) (citing *Bailey v. Verso Corp.*, 337 F.R.D. 500, 505 (S.D. Ohio 2021)); *see also Tenn. Ass'n of Health Main. Orgs., Inc. v. Grier*, 262 F.3d 559, 565–66 (6th Cir. 2001).

The Rule 23(e)(2) factors guide the court's determination about whether to grant final approval of a proposed settlement. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 28 (E.D.N.Y. 2019). Under Rule 23(e)(2), the court must review whether the proposed settlement is "fair, reasonable, and adequate after considering whether":

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)–(D).

**B.     Attorney's Fees and Costs**

Rule 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement". Fed. R. Civ. P. 23(h).

## DISCUSSION

**A.     Jurisdiction**

The Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because it arises under 29 U.S.C. § 1132(a)(2). Venue is proper in this District under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because the plan is administered here. The Court has jurisdiction over all Parties to this action, including all Members of the Settlement Class.

**B.     Settlement Approval**

The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being fair, reasonable, and adequate settlement and compromise of this Action, adopts the Settlement Agreement as its Judgment, and orders that the Settlement Agreement shall be effective, binding, and enforced according to its terms and conditions.[1]

The Court determines that Plaintiffs Michael Iannone and Nicole James have asserted claims on behalf of the AutoZone, Inc. 401(k) Plan ("Plan") to recover losses alleged to have occurred as a result of violations of the Employee Retirement Income Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

---

[1] The Court extensively analyzed the Rule 23(e)(2) factors and *UAW* factors in its Preliminary Approval Order (ECF No. 437). After conducting the fairness hearing on November 21, 2024, at which no objections were raised, the Court finds its preliminary analysis remains sound and incorporates it by reference.

The Court determines that the Settlement, which includes the payment of $2,500,000 by Northern Trust, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation. The Court determines that the Settlement is fair, reasonable, and adequate based on the following findings:

1. The Settlement was reached through arm's length negotiations following mediation and substantial discovery, including a review of over 120,000 pages of documents;

2. The Settlement Administrator successfully implemented notice, reaching 99% of the 23,801 Settlement Class Members (ECF No. 439-1 at PageID 24900);

3. The Independent Fiduciary has approved the Settlement, finding it reasonable and consistent with the Plan's interests (ECF No. 442-2 at PageID 25027);

4. No objections to the Settlement have been filed;

5. The per-person recovery of approximately $48 is meaningful, considering Northern Trust's limited role as an investment advisor who resigned in 2018, their evidence of having advised against many of the challenged decisions, and the significant risks of establishing their liability separate from AutoZone's.[2]

---

[2] At the fairness hearing, Class Counsel explained that while the per-person recovery was initially estimated at $35.28 (ECF No. 442-2 at Page ID 25036) based on an anticipated class size of approximately 30,000 members, the actual class size of 23,801 members resulted in a higher per-person recovery amount of approximately $48.

The Court finds the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs and the Settlement Class and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest but rather designed and intended to benefit the Plan and the Plan participants and beneficiaries.

The Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute a "prohibited transaction" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b).  Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003–36, Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts.  Such Class notice provides valid, due, and sufficient notice of the proceedings and of the matters set forth therein, including the Settlement described in the Settlement Agreement to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby reiterates, confirms, and approves its certification of the Settlement Class, its appointment of Class Counsel, and its appointment of Class Representatives. Nothing in this Order shall alter or otherwise modify the class certified (ECF No. 239).

Based on the Settlement, the Court hereby dismisses the Amended Complaint and the Action against Northern Trust Defendants with prejudice.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of the Plan shall be deemed to have released each and all of the Released Parties from the Released Claims per the terms of the Settlement Agreement.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, the Northern Trust Defendants (or their Successors-in-Interest), shall be deemed to have released the Named Plaintiffs and Class Counsel from any claims that may have arisen out of this Action per the terms of the Settlement Agreement.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, all release provisions in the Settlement Agreement, Paragraph 3, shall be given full force and effect. These releases encompass all claims covered by the Settlement Agreement, including claims that are unknown, unsuspected, or future claims, demands, or causes of action. Plaintiffs, on behalf of themselves and the Settlement Class, and Northern Trust assumes the risk of any subsequent discovery of any matter, fact, or law that~~, if now known or understood~~, would in any respect have affected or could have affected any such person's entering into the Settlement Agreement.

The Court determines that the Northern Trust Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Released Parties.

C. **Attorneys' Fees and Awards**

The Court finds the requested attorneys' fees and costs reasonable and appropriate. Class Counsel has requested an award of attorneys' fees in the amount of $833,333.33, representing one-third of the Settlement Amount, plus expenses of $435,956.42. This award is justified given the substantial work performed, the results achieved for the Class, the contingent nature of the representation, and the complexity of the litigation. The supporting lodestar analysis demonstrates a multiplier of less than 1.0, further confirming the reasonableness of the fee request. The Independent Fiduciary has approved the requested fees as reasonable. Accordingly, Class Counsel is awarded attorneys' fees in the amount of one-third of the common fund established in this Action, specifically, $435,956.42

D. **Service Awards**

The Court approves service awards of $10,000 each to Class Representatives Iannone and Nicole James. These awards are appropriate given their active participation in the litigation, including document production, depositions, and trial preparation. The Class Representatives lost pay and potentially sacrificed other job opportunities as a result of their service to the Class. Their participation was essential to achieving the settlement.

Class Counsel's attorneys' fees and Plaintiffs' Incentive Awards shall be paid from the Settlement Fund pursuant to the timing requirements described in the Settlement Agreement.

**E.    Bar Order**

Based on Northern Trust's Motion for Bar Order (ECF No. 423), AutoZone's Response indicating no objection (ECF No. 425), and the Court's previous analysis in its Preliminary Approval Order (ECF No. 437), the Court hereby ORDERS:

(1) AutoZone, Inc. ("AutoZone"),[3] Individual Defendants Bill Giles, Brian Campbell, Steve Beussink, Kristin Wright, Michael Womack, Kevin Williams, and Rick Smith ("Individual Defendants", and with AutoZone, "Non-Settling Defendants") and any person purporting to act on behalf of Non-Settling Defendants or asserting any Claim[4] under or through them, are permanently barred, enjoined, and restrained from filing, commencing, prosecuting, maintaining or asserting any Barred Claims[5] against the Settling Defendants[6] or the Released Parties[7] in this Action[8] or in any other forum, action or proceeding of any kind. All such Barred Claims shall be extinguished, precluded, discharged, satisfied, and unenforceable.

(2) The Settling Defendants, Released Parties, and any person purporting to act on their behalf or asserting any Claim under or through them, are permanently barred, enjoined, and

---

[3] "AutoZone" includes AutoZone's past, present, or future parent companies, subsidiaries, affiliates, divisions, joint ventures, members, assigns, representatives, attorneys, agents, insurers, reinsurers, shareholders, officers, directors, managers, employees, partners, predecessors, successors, and successors-in-interest.

[4] "Claim" means any and all manner of claims, counterclaims, cross claims, third party claims, actions, causes of actions, potential actions, suits, arbitrations, controversies, costs, damages, losses, obligations, liabilities, judgments, and demands whatsoever, known or unknown, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, whether class, individual, or otherwise, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, in contract, or in equity, and regardless of legal theory.

[5] "Barred Claims" means (a) Claims asserted or that could have been or could be asserted by Non-Settling Defendants, or Non-Settling Defendants' past, present, or future parent companies, subsidiaries, affiliates, divisions, joint ventures, members, assigns, representatives, attorneys, agents, insurers, reinsurers, shareholders, officers, directors, managers, employees or partners,

9

restrained from filing, commencing, prosecuting, maintaining or asserting any Barred Claims against Non-Settling Defendants in this Action or in any other forum, action or proceeding of any kind. All such Barred Claims shall be extinguished, precluded, discharged, satisfied, and unenforceable.

(3) Any Judgment entered in favor of the Named Plaintiffs or the Class[9] shall be reduced by the greater of (a) the Class Settlement Amount[10] or (b) the proportionate share of fault that is attributed to the Northern Trust Defendants, if any, with respect to such judgment.

---

against the Settling Defendants or the Released Parties for indemnification and/or contribution, however denominated, whether common law, statutory, or contractual, and regardless of the allegations, facts, law, theories, or principles, that arise from or related in any way to the Claims and allegations in this Action.

[6] "Settling Defendants" means Northern Trust Corporation and Northern Trust Investments, Inc., each of whom individually is a "Settling Defendant."

[7] "Released Parties" means Settling Defendants and their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, employee benefit plan fiduciaries, employee benefit plan administrators, and their predecessors, successors, affiliates and subsidiaries, consultants, subcontractors, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants, auditors, advisors, personal representatives, heirs, executors, administrators, associates, and all persons acting under, by, through, or in concert with any of them.

[8] "Action" means *Iannone, et al. v. AutoZone, Inc., et al.*, No. 2:19-cv-02779-MSN-tmp and any and all cases now or hereafter consolidated therewith.

[9] "Class" means all persons, other than AutoZone or Individual Defendants, who were participants as of November 11, 2013, in Plan, and invested in any of the GoalMaker Funds, including (i) beneficiaries of deceased participants who, as of November 11, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of November 11, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (b) all persons, other than AutoZone, who have been participants or beneficiaries in either the Plan and had account balances in the Plan at any time between November 11, 2013, through the date of the preliminary approval order.

[10] "Class Settlement Amount" shall have the definition set forth in the Settlement Agreement ¶ 7.2.

10

F.      **Plan of Allocation**

The Plan of Allocation for Settlement Fund is approved as fair, reasonable, and adequate. Any modification or changes in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered a separate Judgment.

G.      **Retention of Jurisdiction**

Without affecting the finality of this Judgment, the Court retains jurisdiction for the purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

## CONCLUSION

For the foregoing reasons, the Court approves the Settlement Agreement (ECF No. 422-2) as fair, reasonable, adequate, and in the best interest of the Settlement Class. The Court further approves the Plan of Allocation (ECF No. 422-5), awards attorneys' fees in the amount of $833,333.33 (one-third of the Settlement Amount) and expenses in the amount of $435,956.42, to be paid from the Settlement Fund, and grants service awards of $10,000 each to Class Representatives Michael Iannone and Nicole James, to be paid from the Settlement Fund. The Court enters the bar order herein, dismisses this Action and all Released Claims against the Northern Trust Defendants with prejudice, and retains jurisdiction to implement the Settlement Agreement and resolve any disputes thereunder.

**IT IS SO ORDERED**, this 7th day of February 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE